IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

**THE PEOPLE OF THE STATE OF ILLINOIS,**   )
                                            )
           **Plaintiff,**                   )
                                            )
      v.                                    )
                                            )
**SDS WEST CORPORATION,** a California      )
foreign corporation not authorized to transact )
business in Illinois;                       )
                                            )
**BRUCE HOOD,** individually and as Chief   )
Operating Officer and director of SDS West  )
Corporation;                                )
                                            )      No. 3:09-cv-3128
**RAYMOND DORSO,** individually and as Chief )
Executive Officer and director of SDS West  )
Corporation;                                )
                                            )
**NATIONWIDE SUPPORT SERVICES, INC.**       )
a California foreign Corporation not        )
authorized to transact business in Illinois; and )
                                            )
**JOANNE GARNEAU,** individually and as     )
President of Nationwide Support Services;   )
                                            )
           **Defendants.**                  )
                                            )
                                            )
                                            )
                                            )
_____ )

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO REMAND**

NOW COMES the Plaintiff, the People of the State of Illinois, by and through LISA

MADIGAN, its Attorney General, by one of her assistants and presents its Memorandum of Law

in Support of its Motion to Remand filed herein.

1

### PROCEDURAL HISTORY AND BACKGROUND

On May 4, 2009, Plaintiff, the People of the State of Illinois, by and through its Attorney General, filed a Complaint for Injunctive and Other Relief against the Defendants in the Circuit Court of the Seventh District, Sangamon County, Illinois, in Case No. 2009-CH-368. The complaint was brought on behalf of the State of Illinois by its Attorney General "pursuant to the provisions of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et seq. (hereinafter Consumer Fraud Act)), and her common law authority as Attorney General. (Plaintiff's Complaint at Paragraph 1.) The complaint generally alleges that the Defendants engaged in unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Section 2 of the Illinois Consumer Fraud Act. Among other things, Plaintiff's complaint alleges that Defendant made misrepresentations, false statements, or failed to disclose material information to consumers in order to induce consumers to purchase the Defendant's debt settlement services. (Plaintiff's Complaint at Paragraphs 73 and 74.)

On May 27, 2009 Defendants SDS West, Inc., Bruce Hood, Raymond Dorso, and Defendants Nationwide Support Services, Inc. and Joanne Garneau filed Notices of Removal with this Court. The two Notices of Removal were consolidated into Case No. 09-3128 by order of this honorable Court on May 29, 2009. The Defendants stated, as their sole grounds for removal, that this Court was entitled to exercise jurisdiction pursuant to Sections 1332, 1441, and 1446 of Title 28 of the U.S. Code and that Federal Subject Matter Jurisdiction was based on complete diversity of citizenship of the parties as required by 28 U.S.C. § 1332(a). (Defendants SDS West, Inc., Bruce Hood and Raymond Dorso's Notice at ¶¶ 2 - 8 and Defendants Nationwide support Services, Inc. and Joanne Garneua's Notice at ¶¶ 4 - 7.) The Defendants'

2

Notice of Removal alleges that the amount in controversy exceeds the minimum amount required to confer jurisdiction based on diversity of citizenship. (Defendants SDS West, Inc., Bruce Hood and Raymond Dorso's Notice at ¶¶ 3 and Defendants Nationwide Support Services, Inc. and Joanne Garneua's Notice at ¶¶ 6.) On June 8, 2009, the Plaintiff filed its Motion to Remand to State Court.

## LEGAL STANDARD FOR REMOVAL

Removal questions are to be "strictly construed against federal jurisdiction." *Katonah v. USA ir, Inc.,* 868 F. Supp. 1031, 1033 (N.D.Ill. 1994). "Any defect in the removal procedure, or the lack of subject matter jurisdiction requires remand." *Central Laborers Welfare Fund v. Philip Morris, Inc.,* 85 F. Supp. 2d 875, 881 (S.D.Ill. 1998).

It is well settled law that civil cases originally brought in a State court may be removed to a Federal District Court when such removal is based upon either 28 U.S.C. § 1331, federal question jurisdiction, or 28 U.S.C. § 1332, diversity jurisdiction. *Id* at 879. Federal question jurisdiction arises when the issue litigated arises under the constitution, treaties or statutes of the United States of America. *Id.* Federal diversity jurisdiction arises when the amount in controversy exceeds $75,000.00 exclusive of costs or fees and all adverse parties are citizens of different states. *Id.*

When reviewing the propriety of a removal, the federal claim must be shown to appear on the face of the complaint without regard for additions, or clarifications presented within other pleadings or the removal petition itself. *Nuclear Engineering Company v. William J. Scott, et al.,* 660 F.2d 241, 248-249 (7h Cir. 1981). In the instant case, the Defendants do not assert or claim a federal question exists as a basis for removal, therefore, this issue is not applicable to these

proceedings.

## ARGUMENT

In the instant case, this case should be remanded to the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois. This honorable Court lacks subject matter jurisdiction over the state court action in that no set of facts support a finding that either the requirements 28 U.S.C. § 1331, federal question jurisdiction, or 28 U.S.C. § 1332, diversity jurisdiction, have been met.

*Removal to Federal District Court was Improper Because Complete Diversity of Citizenship Does Not Exist Between the Parties.*

The People of the State of Illinois through Attorney General Lisa Madigan, properly brought suit for violations of the Illinois Consumer Fraud Act in a circuit court sitting in the state of Illinois. The plaintiff in this matter is the State of Illinois.

It is well settled law that a state is not a citizen of a state for the purposes of diversity jurisdiction. *Wisconsin v. Abbott Laboratories, 341 F.Supp.2d 1057, 1060-61 (W.D. Wisc. 2006) citing: Indiana Port Comm'n v Bethlehem Steel Corp., 702 F.2d 107,109 (7th Cir. 1983) and Postal Tel. Cable Co. v. Alabama, 155 U.S. 482, 487 (U.S. 1894). See also: Hood ex rel. Mississippi v. Microsoft Corp., 428 F. Supp. 2d 537, 542 (D. Miss. 2006); Ohio v. Wyandotte Chemicals Corp., 401 U.S. 493, 499 (U.S. 1971).*

"There is no statute which authorizes the removal of a suit between a state and citizens on the ground of citizenship, for a state cannot, in the nature of things, be a citizen of any state." *Stone v. State of South Carolina,* 11 7 U.S. 430, 433 (1886). In a controversy between a state and a citizen of another state, the federal court does not acquire jurisdiction to compel removal from

the state court on the ground of diversity of citizenship since a state is not a citizen. *Title Guaranty Co. v. Allen,* 240 U.S. 136 (1916).

In *Nuclear Engineering,* the Court of Appeals for the Seventh Circuit reaffirmed that "[s]tates are not considered 'citizens' for purposes of diversity jurisdiction and therefore diversity jurisdiction may not be asserted over an action to which a state is the real party in interest." 660 F.2d at 250. In that case, the Illinois Attorney General had filed suit in state court alleging various violations of state law. The defendants filed a federal court case, sued the Attorney General in his individual capacity, and removed the state court action to federal court. The federal court stated that when a state official is a party to the proceeding over which diversity jurisdiction is alleged, the question of who is the real party in interest is answered by determining the "essential nature and effect of the proceeding." 600 F.2d at 250 (citing *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464 (1945)). The *Nuclear Engineering* court held that no diversity existed because it was abundantly clear from an examination of the complaint filed in state court that the Attorney General had brought suit in his official capacity on behalf of the State of Illinois. 600 F.2d at 250.

This honorable court recently held in a similar case that Illinois was the real party in interest and concluded that diversity jurisdiction was lacking and removal was improper. *People of the State of Illinois v. Livedeal*, *Inc.,* 2009 W.L. 383434 (C.D.Ill.). In *Livedeal*, the Illinois Attorney General filed suit in state court alleging various violations of the Consumer Fraud Act. The defendant removed the state court action to federal court. The federal court stated the State of Illinois was the real party in interest, even though it sought restitution for individual citizens. *People of the State of Illinois v. Livedeal*, *Inc.,* 2009 W.L. 383434 (C.D.Ill.)

5

This suit is brought by a state against a private citizen of another state, and it is brought exclusively under state law for police and regulatory purposes that are in the public, not private, interest. California is Defendant SDS West, Inc. and Nationwide Support Services, Inc.'s state of incorporation and principal place of business, and Defendants Bruce Hood, Raymond Dorso and Joanne Garneau are citizens of the state of California, but because Plaintiff is the State of Illinois, diversity does not exist. Removal was therefore improper and this case should be remanded.

## CONCLUSION

Removal to this court was improper as it does not have subject matter jurisdiction over this case. Therefore, this matter must be remanded back to the Circuit Court of Illinois.

WHEREFORE, Plaintiff, PEOPLE OF THE STATE OF ILLINOIS, respectfully request that its motion to remand be granted for the aforementioned reasons.

Respectfully Submitted,

THE PEOPLE OF THE STATE OF
ILLINOIS, by LISA MADIGAN
ATTORNEY GENERAL OF ILLINOIS

s/Rebecca L. Pruitt
Illinois Bar No. 06209774
Attorney for Plaintiff
Office of the Illinois Attorney General
500 South Second Street
Springfield, Illinois 62706
Voice:217-782-4436
Fax : 217-782-1097
rpruitt@atg.state.il.us

**Certificate of Service**

*I hereby certify that on June 8, 2009, I electronically filed the Plaintiff's Motion to Remand Removed Action with the Clerk of the Court using the CM/ECF system which will send notification of such filing to **GARY S. SCHWAB, JOHN R. STORINO and MATTHEW R. DEVINE.***

s/Rebecca L. Pruitt
Illinois Bar No. 06209774
Attorney for Plaintiff
Office of the Illinois Attorney General
500 South Second Street
Springfield, Illinois 62706
Voice:217-782-4436
Fax : 217-782-1097
rpruitt@atg.state.il.us